IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Tyrone Jones and Kelly Jones,            )
                                          )   C/A No. 5:09-cv-2204-MBS
              Plaintiffs,                 )
                                          )
       vs.                                )
                                          )   **OPINION AND ORDER**
Kerry L. Wesby, *individually and as agent* )
*for BP Express, Inc.*, and BP Express, Inc., )
                                          )
              Defendants.                 )
                                          )

This matter is before the court on Defendants' motion for summary judgment, filed on April 6, 2010. ECF No. 28. After obtaining an extension of time to respond, Plaintiffs filed their response in opposition to Defendants' motion on May 17, 2010. ECF No. 31. Defendants similarly sought and were granted an extension and filed their reply brief on June 10, 2010. ECF No. 34. The court heard the parties' arguments at a hearing held on August 17, 2010. At the conclusion of that hearing, based on a careful review of the record and the parties' arguments, the court **granted** Defendants' motion. This order sets forth the court's reasoning.

I. **BACKGROUND**

In this personal injury action, Plaintiffs Tyrone Jones and Kelly Jones, husband and wife, seek damages against Defendants Kerry L. Wesby and BP Express, Inc. ("BP Express," and together with Mr. Wesby, "Defendants") for injuries sustained by Mr. Jones as a result of a collision between Mr. Jones's tractor trailer and Mr. Wesby's tractor trailer. The undisputed facts are as follows. The collision occurred a short distance from the off-ramp onto I-26W from I-95N at approximately 4:30 a.m. on May 25, 2006. Mr. Wesby, who was operating his tractor trailer on behalf of his employer,

1

BP Express, was driving westbound on I-26 when he came upon traffic caused by an earlier accident that forced him to stop. Mr. Jones, who was also driving a tractor trailer on behalf of his employer, exited I-95 northbound onto I-26 westbound and struck Mr. Wesby's vehicle from behind.

On March 27, 2008, Mr. Wesby filed suit against Mr. Jones and his employer, Angelica Corporation, in the Court of Common Pleas in Orangeberg County for damages arising out of the May 25, 2006 collision. The case was ultimately resolved by a stipulation of dismissal, signed by counsel for both parties on December 10, 2009 and filed with the state court. It provides, in its entirety:

> Pursuant to Rule 41(a)(1) of the South Carolina Rules of Civil Procedure, the plaintiff, Kerry L. Wesby, and the Defendants, Tyrone Jones and Angelica Corporation, by and through their undersigned attorneys, hereby stipulate and agree to dismiss the above-captioned action and any all [sic] related claims or any other claims **with prejudice** and they are hereby dismissed **with prejudice** and are hereby **res judicata**.

Stipulation Of Dismissal 1, ECF No. 28-8 (emphasis in original).

Plaintiffs filed the instant action in the Court of Common Pleas for Orangeburg County, South Carolina, on June 12, 2009. Compl. 1, ECF No. 1-1 at 8. Pursuant to the complaint, Mr. Jones sought unspecified damages for the personal injuries he sustained as a result of the collision and Mrs. Jones sought unspecified damages for the loss of consortium with her husband as a result of his injuries. Defendants timely removed to this court on August 19, 2009 after learning at Mr. Jones's deposition that the alleged amount in controversy was sufficient to provide the basis for diversity jurisdiction. See Notice of Removal, ECF No. 1; Defs.' Resp. To Mot. To Remand 2, ECF No. 16. This court denied Plaintiffs' motion to remand by Order issued November 16, 2009 and Defendants filed the instant motion for summary judgment on April 6, 2010. ECF Nos. 26, 28.

## II.  SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that a court should grant summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The evidence presents a genuine issue of material fact if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under the governing substantive law. Id.

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 124 (4th Cir. 1990) (citing Pignons S.A. De Mecanique v. Polaroid Corp., 657 F.2d 482, 486 (1st Cir. 1981)). The moving party bears the burden of proving that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the nonmoving party bears the burden of proof at trial on a dispositive issue, he may not rest on his pleadings to defend against a summary judgment motion but must demonstrate that specific, material facts give rise to a genuine issue that precludes summary judgment. Id. at 324.

## III.  ANALYSIS

Defendants argue that summary judgment should be granted in their favor because Plaintiffs cannot show that Mr. Wesby breached a duty of care owed to Plaintiffs or proximately caused Plaintiffs' injuries. Defs.' Mot. 5–9, ECF No. 28-1. Defendants also argue that Plaintiffs' claims are time-barred by the applicable statutes of limitations and the doctrines of res judicata and

collateral estoppel. Id. at 9–11.

### A. Proximate Cause

At trial, in order to succeed on either Mr. Jones's negligence claim or Mrs. Jones's related loss of consortium claim, Plaintiffs will bear the burden of proving that an act or omission by Defendants proximately caused Mr. Jones's injuries. See Bullard v. Ehrhardt, 324 S.E.2d 61 (S.C.1984) (listing the essential elements of negligence as (1) duty, (2) breach, (3) proximate cause, and (4) injury); see also Creighton v. Coligny Plaza Ltd. P'ship, 512 S.E.2d 510, 523 (S.C. Ct. App. 1998) (finding loss of consortium plaintiff must prove defendant's liability for spouse's injury) (quoting 41 Am. Jur. 2d Husband and Wife § 250 (1995)). Therefore, in order to survive summary judgment, Plaintiffs must demonstrate that specific, material facts, supported by admissible evidence, give rise to a genuine issue as to whether Defendants proximately caused Plaintiffs' injuries. See Fed. R. Civ. P. 56(e)(1) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."); Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006) (affirming summary judgment in qualified immunity appeal "because the plaintiff failed to bring forth admissible evidence from which the jury could conclude" that the officer used excessive force).

Plaintiffs allege that the proximate cause of the collision was Mr. Wesby's failure to activate his lights or his hazard signal. However, Mr. Jones, who suffered extensive personal injuries as a result of the collision including a brain injury, is unable to remember whether Mr. Wesby's lights or hazard signals were on or off. T. Jones Aff. 2, ECF No. 31-2. At oral argument, Plaintiffs' counsel conceded that the only evidence that Plaintiffs have that Mr. Wesby did in fact fail to activate his lights or his hazard signal is Mrs. Jones's recollection of a conversation she had with Mr.

Jones's supervisor "Tiny." Mrs. Jones avers that, at the hospital after the accident, Tiny told her that,

> [H]e was unsure as to the exact details but that one of the law enforcement officers that responded to the accident scene told him that Tyrone had rear-ended another 18 wheeler. He also said that the police officer told him that another car accident had occurred prior to Tyrone's accident and that the prior accident had caused traffic to back up on I-26, and that at the time of the subject collision, Kerry Wesby's truck was at a complete stop on the highway with no hazard signals on or cones out and that Tyrone apparently did not have enough room or warning to stop as he came off of the curved exit ramp.

K. Jones Aff. 1, ECF No. 31-1. Tiny is now deceased. Id. South Carolina State Trooper Robert Horace Rowe, Jr. responded to the scene of the collision and prepared an accident report. He did not witness the accident and cannot recall whether Mr. Wesby had his lights on when he arrived at the scene. Rowe Dep. 26:23–27:7, ECF No. 34-1.

Because Mrs. Jones's recollection of her conversation with Tiny is the only evidence that Plaintiffs have to support their contention that Defendants' proximately caused Mr. Jones's injuries, Plaintiffs would offer Mrs. Jones's testimony for the "truth of the matter asserted"—i.e., whether Mr. Wesby's lights or hazards were on or off at the time of the collision. As such, it is hearsay, inadmissible unless Plaintiffs can show that each statement in the hearsay chain (the officer's statement to Tiny and Tiny's statement to Mrs. Jones) fits within a recognized hearsay exception. See Fed. R. Evid. 801(c), 802. At the hearing, Plaintiffs' counsel not only failed to argue that either the officer's reported statements or Tiny's relation of those statements could potentially fall under an exception to the hearsay rule, he admitted that Mrs. Jones's testimony was "most likely" inadmissible hearsay. Because Plaintiffs have no other evidence that Defendants proximately caused Plaintiffs' injuries, the court grants Defendants' motion for summary judgment as to this issue.

**B.  Statute of Limitations**

Mr. Jones's negligence claim and Mrs. Jones's loss of consortium claim are further barred by the statute of limitations. The statute of limitations for both claims is three years. See S.C. Code Ann. § 15-3-530(5) (2009) (limiting to three years "action[s] for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545 [medical malpractice]"). The limitations period begins to run when "the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. § 15-3-535. The South Carolina Supreme Court has explained that this standard

> means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

Wiggins v. Edwards, 442 S.E.2d 169, 170 (S.C. 1994).

Plaintiffs filed this action on June 12, 2009, three years and eighteen days after the date of the collision. Compl. 1, ECF No. 1-1 at 8. As discussed supra, Mrs. Jones avers that her conversation with Tiny took place at the hospital shortly after Mr. Jones was injured. In other words, by May 25, 2006 or very shortly thereafter, Mrs. Jones knew that Mr. Jones had sustained injuries and those injuries could be attributed to the fault of another. Accordingly, her claim is barred by the three-year statute of limitations.

Mr. Jones argues that, given the memory loss that he suffered as a result of his injuries and the fact that he was hospitalized until June 8, 2006, he could not have known or had reason to know of his cause of action "until some time after June 15, 2006 [when] Mr. Jones . . . recovered

6

sufficiently to discuss the facts surrounding the accident with his wife and others." Pls.' Resp. 6, ECF No. 31. The only evidence submitted in support of this argument are the affidavits of Mr. and Mrs. Jones. Plaintiffs have not filed any doctor's reports or other medical evidence that could support their contention that Mr. Jones did not have the capacity to know that he had been injured and that someone else might be responsible for that injury until some time after June 15, 2006. As such, Plaintiffs have failed to sufficiently demonstrate that a material issue of fact exists as to whether the statute of limitations had run on Mr. Jones's negligence claim when this case was filed and the court finds that claim similarly barred.

**C.     Res Judicata and Collateral Estoppel**

Finally, Mr. Jones's claim is also barred by the doctrines of res judicata and collateral estoppel. Res judicata bars a subsequent action when (1) a prior action resulted in a judgment "final, valid and on the merits"; (2) the parties in the subsequent action are identical to those in the prior action; and (3) the subsequent action involves a matter properly included in the prior action. Town of Sullivan's Island v. Felger, 457 S.E.2d 626, 628 (S.C. Ct. App. 1995). Collateral estoppel bars subsequent litigation of issues previously decided. When asserting collateral estoppel, "the party seeking issue preclusion must show that the issue was actually litigated and directly determined in the prior action, and that the matter or fact directly in issue was necessary to support the first judgment." Id. The doctrine prevents a party from relitigating an issue decided in a prior action even if the claims in the subsequent action are different from those litigation in the prior action. Carolina Renewal, Inc. v. S.C. Dep't of Transp., 684 S.E.2d 779, 782 (S.C. Ct. App. 2009) (citing Judy v. Judy, 677 S.E.2d 213, 217 (S.C. Ct. App. 2009)).

The South Carolina Rules of Civil Procedure allow a plaintiff to voluntary dismiss an action

by filing a stipulation of dismissal signed by all parties who have appeared in the action. S.C. R. Civ. P. 41(a)(1)(B). Where the parties agree to dismiss an action "with prejudice," that dismissal "operates as an adjudication on the merits terminating the action and concluding the rights of the parties." Freeman v. McBee, 313 S.E.2d 325, 327 (S.C. Ct. App. 1984) (citing 27 C.J.S. Dismissal and Nonsuit § 39). As such, it will bar relitigation of the same claim. See Spence v. Spence, 628 S.E.2d 869, 880–81 (S.C. 2006) (citing Collins v. Sigmon, 385 S.E.2d 835, 837 (S.C. 1989)).

It is undisputed that Mr. Jones, through counsel, signed a stipulation of dismissal in the earlier state action that arose out of the same collision. Stipulation Of Dismissal, ECF No. 28-8. At oral argument, Plaintiffs' counsel conceded that the stipulation barred Plaintiffs' claims against Mr. Wesby, but argued that because BP Express was not a party to the earlier action, the stipulation should not bar the claims against BP Express. When the court pressed counsel to explain the legal basis for this position, his only answer was that BP Express could be held vicariously liable for the negligence of its agent, Mr. Wesby.

Plaintiffs' position is contrary to the law in South Carolina, which has long been that "[a] judgment on the merits in favor of the agent is a bar to an action against the principal for the same cause, because the principal's liability is predicated upon that of the agent." Rookard v. Atlanta & C. Air Line Ry. Co., 65 S.E. 1047 (S.C. 1909). The stipulation dismissing the earlier action was expressly "with prejudice" and further stated that it would serve to bar "all related claims or any other claims[.]" As such, it "operates as an adjudication on the merits." Freeman, 313 S.E.2d at 327 (citing 27 C.J.S. Dismissal and Nonsuit § 39). Because Mr. Jones makes no claims against BP Express alleging that it is independently liable for any injuries in this action, the stipulation serves to bar Plaintiffs' claims against both Defendants and provides another basis for granting Defendants'

8

motion for summary judgment as to Mr. Jones's claim.

## IV. CONCLUSION

Defendants' motion for summary judgment is hereby **granted.**

IT IS ORDERED.

/s/ Margaret B. Seymour
United States District Judge

August 26, 2010
Columbia, South Carolina